UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HAROLD MARCHO**                                                  **CIVIL ACTION**

**VERSUS**                                                               **No. 06-6320**

**AUTO CLUB FAMILY INSURANCE CO.**                **SECTION: I/1**

### ORDER AND REASONS

Before the Court is a motion to remand filed by plaintiff, Harold Marcho. Defendant, Auto Club Family Insurance Co., has not filed any opposition to plaintiff's motion. For the following reasons, plaintiff's motion is **DENIED**.

### *BACKGROUND*

On August 23, 2006, plaintiff filed a complaint in Slidell City Court against defendant, arguing that he did not receive full payment from defendant for damage to his home caused by Hurricane Katrina.[1] On September 22, 2006, defendant removed this case to federal court.[2] In its removal petition, defendant contends that this Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. Plaintiff filed his motion to remand on October 20, 2006, arguing that the amount in controversy requirement of § 1332 is not met.

### *LAW AND ANALYSIS*

---

[1] Rec. Doc. No. 1-2.

[2] Rec. Doc. No. 1-1.

**I. Standard of Law**

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removal statute is strictly construed. *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)). When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden."). Doubts concerning removal are to be construed against removal and in favor of remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

**II. Discussion**

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). In order to determine whether jurisdiction exists, a court will consider the claims in the state court pleadings as they existed at the time of removal. *See id.*; *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Any ambiguities are strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Once diversity jurisdiction has

attached, it cannot be subsequently divested by the voluntary reduction of the amount in controversy below the jurisdictional limit.  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290, 58 S. Ct. 586, 590-91, 82 L. Ed. 844 (1938) (footnote omitted); *Cavallini*, 44 F.3d at 264*; Reisman v. N.H. Fire Ins. Co.*, 312 F.2d 17, at *19 (5th Cir. 1963).

Federal courts have original jurisdiction over cases between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332.³  Louisiana plaintiffs, however, are ordinarily prohibited from specifying a monetary amount of damages in their state court petitions.  La. Code Civ. Proc. art. 893(A)(1); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Luckett*, 171 F.3d at 298 (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993) ("*De Aguilar I*")).  "The defendant may make this showing in either of two ways:  (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount.'"  *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

Once a defendant has made such a showing, diversity jurisdiction may be defeated only if the plaintiff demonstrates to a "legal certainty" that the amount in controversy does not exceed $75,000.  *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *see Fairchild v. State Farm Mut. Auto. Ins. Co.*, 907 F. Supp. 969, 970 (M.D. La. 1995).  The Fifth

---

³There does not appear to be any dispute that complete diversity of citizenship exists in this case.

Circuit has emphasized that "'this is not a burden-shifting exercise'; rather, the 'plaintiff must make all information known at the time he files the complaint.'" *Grant*, 309 F.3d at 869 (quoting *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1993) ("*De Aguilar II*")). One such way for a plaintiff to satisfy the legal certainty test is to file a binding stipulation or affidavit with the *original* complaint. *See De Aguilar II*, 47 F.3d at 1412. After a defendant has removed the case, however, later filings are typically irrelevant. *Id.*; *Candies v. Monsanto Co.*, No. 97-2313, 1998 WL 57055, at *1 (E.D. La. Feb. 11, 1998) (Sear, C.J.).

In his state court complaint, plaintiff seeks to recover: the face value of the insurance policy covering his property, without deduction or offset; penalties pursuant to La. Rev. Stat. §§ 22:658 and 22:1220; damages for breach of contract; special and general damages equal to double the amount due pursuant to La. Rev. Stat. § 22:1220; penalties of fifty percent of the amount due plus attorney's fees pursuant to La. Rev. Stat. § 22:658; general damages; interest; and costs.[4] Considering these claims, and notwithstanding any jurisdictional cap limiting awards in Slidell City Court, the Court finds it is facially apparent that plaintiff's claims likely will exceed $75,000.

In conjunction with his motion to remand, plaintiff has filed a stipulation that his claims, including penalties and attorney's fees, will not exceed $75,000.[5] The jurisdictional facts, however, must be judged at the time of removal. *See De Aguilar II*, 47 F.3d at 1412. Although a court may consider post-removal evidence that clarifies the jurisdictional facts as they existed at the time of removal, a court may not consider post-removal events in determining whether the

---

[4]Rec. Doc. No. 1-2, pp. 4-5.

[5]*See* Rec. Doc. No. 5-4.

4

amount in controversy is met.  *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 & n.18 (5th Cir. 1998);  *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colom. v. Dow Quimica de Colom. S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds, Marathon Oil Co. v. Ruhgras*, 145 F.3d 211 (5th Cir. 1998).  A subsequent unilateral, post-removal stipulation will not deprive the removal court of jurisdiction.  *St. Paul Mercury Indem. Co.*, 303 U.S. at 290-291, 58 S.Ct. at 590;  *Hummel v. State Farm Mut. Auto. Ins. Co.*, No. 04-1386, 2005 U.S. Dist. LEXIS 127, at *4 (E.D. La. Jan. 5, 2005) (Porteous, J.); *Candies,* 1998 WL 57055, at *1.  A unilateral stipulation may, however, permit a remand in cases in which the stipulation is used to clarify an ambiguous petition, rather than to reduce the initial amount in controversy after removal.  *Hummel*, 2005 U.S. Dist. LEXIS 127, at *4 (citing *Marcel v. Pool Co.*, 5 F.3d 81, 85 (5th Cir. 1993)).  In the instant case, it is facially apparent that plaintiff's petition for damages alleges injuries that likely exceed the jurisdictional amount.  Consequently, plaintiff's stipulation is insufficient to support remand.

The "legal certainty" standard requires that plaintiff show that state law operates to prevent recovery in excess of the federal jurisdictional amount or that plaintiff is "bound irrevocably" to recover an amount less than the federal jurisdictional amount.  *See De Aguilar II*, 47 F.3d at 1412 & n.10; *Nelson*, 2005 U.S. Dist. LEXIS 3316, at *11 (citation omitted).  Plaintiff has not provided the Court with evidence showing either.  The Court finds that plaintiff's post-removal stipulation fails to meet the "legal certainty" standard that is necessary to defeat this Court's jurisdiction.  The federal jurisdictional amount requirement is met in this case, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

Accordingly,

**IT IS ORDERED** that plaintiff's motion to remand this action for lack of subject matter jurisdiction[6] is **DENIED**.

New Orleans, Louisiana, January     5th, 2007.

                                                                 **LANCE M. AFRICK**
                                                        **UNITED STATES DISTRICT JUDGE**

---

[6]Rec. Doc. No. 5.